UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MORTY HOVA,

                      Plaintiff,                            **<u>MEMORANDUM AND ORDER</u>**
                                                          CV 12-1358 (DRH) (ETB)

       - against -

ROYAL CARIBBEAN CRUISES LTD and
ROYAL CARIBBEAN INTERNATIONAL,

                      Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**KUJAWSKI & KUJAWSKI**
Attorneys for Plaintiff
1637 Deer Park Avenue
Deer Park, NY 11729
By:    Shaun M. Malone, Esq.

**HILL, BETTS & NASH, LLP**
Attorneys for Defendants
One World Financial Center
200 Liberty Street, 26th Fl.
New York, NY 10281
By:    Gregory W. O'Neill, Esq.
           Thomas M. Rittweger, Esq.
           Boriana Farrar, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Morty Hova ("plaintiff" or "Hova") brings this negligence action for damages

arising out of injuries allegedly sustained while on a cruise ship owned and operated by

defendants Royal Caribbean Cruises Ltd. and Royal Caribbean International (collectively,

"defendants" or "RCCL").  Presently before the Court is defendants' motion which seeks to

dismiss plaintiff's Complaint as untimely under Federal Rule of Civil Procedure ("Rule")

12(b)(6) or, alternatively, to transfer this action to the United States District Court for the

Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the

defendants' motion is DENIED.

## BACKGROUND

The following facts are drawn from the allegations contained in the Complaint and are presumed true for purposes of the instant motion.

Defendants owned and operated a passenger cruise ship known as Grandeur of the Seas. (Compl. ¶¶ 4-7.)  On May 22, 2010, while Hova was a passenger on Grandeur of the Seas, he tripped and fell over a small platform on the deck of the ship that was intended by defendants to be utilized as a stage.  (*Id.* ¶ 8.)  According to plaintiff, the "platform was negligently placed, designed, and colored so as to obscure its presence to passengers traversing the ship's deck." (*Id.* ¶ 9.)  As a result, Hova states that he sustained "severe and serious personal injuries."  (*Id.* ¶ 13.)  Based on the above incident, Hova filed a Complaint on March 20, 2012 which asserts claims of negligence under federal maritime law as well as New York state common law.  (*Id.* ¶ 14.)

## DISCUSSION

### I.   *Motion to Dismiss*

### A.      **Rule 12(b)(6)**[1]

It is well-settled that "[a] motion to dismiss on statute of limitations grounds is properly viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."  *Jowers v. Lakeside Family & Children's Servs.*, 435 F. Supp. 2d 280, 283 (S.D.N.Y. 2006) (internal quotation marks and citation omitted); *accord Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  "An action should be dismissed pursuant to Rule 12(b)(6) where documents properly considered on a motion to dismiss reveal that the action is

---

[1]       Because defendants filed an Answer prior to moving to dismiss, they should have moved under Rule 12(c), not Rule 12(b)(6).  Nevertheless, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

time barred." *Noboa v. MSC Crociere S.P.A.*, 2009 WL 1227451, at *2 (S.D.N.Y. May 5, 2009). While a court generally may only consider facts stated in the complaint in deciding a motion to dismiss under Rule 12(b)(6), "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Even if a document is not attached or incorporated by reference, it may be considered if the plaintiff "either possessed or knew about and upon which [he or she] relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

Defendants argue that because plaintiff's cruise ticket contract contains a one year limitation clause for personal injury claims, the Complaint, which was filed more than one year after Hova's injury, should be dismissed as time-barred. The entire set of facts relied on by defendants, however, stem from assertions and documents outside the four corners of the Complaint. These materials include the Affidavit of David Banciella ("Banciella Aff.") and two exhibits attached thereto, a "Cruise/CruiseTour Ticket Contract" (hereafter, "Ticket Contract"), and a "Charge Account & Cruise Ticket" (hereafter, "Cruise Ticket"). Defendants proffer three arguments as to why the Court may properly consider such evidence in deciding the instant motion to dismiss without treating the motion as one for summary judgment. None of the arguments advanced by defendants is persuasive.

First, defendants maintain that "[i]t is well established that when evaluating a motion to dismiss a complaint based on the existence of a forum selection clause, the court may consider materials outside the pleadings like affidavits and/or declarations." (Defs.' Mem. at 5.) While this contention is for the most part accurate,[2] what defendants overlook is that their motion does

---

[2]       The Second Circuit has considered motions to dismiss in connection with a forum selection clause for lack of subject matter jurisdiction under Rule 12(b)(1), improper venue under to Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). *See CfirstClass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 327 (S.D.N.Y. 2008) (collecting cases). In the context of a motion to dismiss under Rule 12(b)(1) or (b)(3), a court may consider evidentiary matters

not request dismissal pursuant to the existence of a forum selection clause.  Therefore, this contention and the cases relied on by defendants have no bearing on what the Court may consider in deciding the instant motion, made pursuant to Rule 12(b)(6).

Second, defendants claim that *Noboa* supports the proposition that the Cruise Ticket may be considered at the motion to dismiss stage.  (Defs.' Mem. at 5.)  Such a blanket statement, however, is out-of-sync with the specific findings of that case.  In *Noboa*, the court concluded that it could consider, *inter alia*, the "Passenger Ticket/Contract" in deciding the defendants' Rule 12(b)(6) motion because the ticket was "specifically referred to in the complaint" and was "within plaintiffs' possession when the complaint was filed."  *Noboa*, 2009 WL 1227451, at *3. In this action, the Ticket Contract was not mentioned in the Complaint.  Nor is there any reason to believe that it was relied upon by Hova in drafting his Complaint.  Thus, the case-specific finding in *Noboa* is not applicable under the present circumstances.[3]

Finally, defendants allege that the Ticket Contract may be considered since they have incorporated it into their Answer.  This contention misapplies the applicable standard. Documents which are incorporated by reference in the complaint may be considered under a Rule 12(b)(6) motion, not documents incorporated by reference in an answer.  Therefore, the fact that defendants reference the Ticket Contract in its Answer has no significance on what documents the Court may properly consider.

---

outside of the pleadings.  *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010).

[3]   It is noteworthy that, with the exception of *Noboa*, all of the cases relied on by defendants to support the proposition that a one year limitation provision in a ticket contract is enforceable involved a motion for summary judgment, not a motion to dismiss.  (*See* Defs.' Mem. at 6.)

4

Because the entirety of defendants' Rule 12(b)(6) motion to dismiss is predicated on factual assertions and documents that the Court may not consider, defendants' motion to dismiss must fail.

### B. Rule 12(d)

Another possibility is that the Court, presented with extraneous materials as part of defendants' Rule 12(b)(6) motion, could convert the motion into a motion for summary judgment pursuant to Rule 12(d). A district court, however, "is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007); *see also Abbey v. 3F Therapeutics Inc.*, 2009 WL 4333819, at \*5 (S.D.N.Y. Dec. 2, 2009) (noting that a district court enjoys "complete discretion" over the decision to convert a Rule 12(b)(6) motion into a motion for summary judgment). The Court, in exercising its discretion, declines to convert defendants' motion into one for summary judgment.

Defendants' theory of dismissal hinges on establishing that the limitations clause in their passenger ticket contract was enforceable which, in turn, requires a showing that the contract provision was reasonably communicated to Hova. *See Ward v. Cross Sound Ferry*, 273 F.3d 520, 523 (2d Cir. 2001). In examining whether a clause was reasonably communicated, courts look to "(1) whether the physical characteristics of the ticket itself reasonably communicated to the passenger the existence therein of important terms and conditions that affected the passenger's legal rights, and (2) whether the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract permitted the passenger to become meaningfully informed of the contractual terms at stake." *Id.* (internal quotation marks, citation, and brackets

omitted).

While the question of whether defendants reasonably communicated the contractual limitation to Hova is a question of law for the Court to decide, and thus appropriate to consider on summary judgment, *see Palmer v. Norweigan Cruise Line & Norweigan Spirit*, 741 F. Supp. 2d 405, 412 (E.D.N.Y. 2010), the present record is confusing and underdeveloped, especially on the issue of whether Hova was meaningfully informed of the contractual terms at issue.  For one, it is unclear whether defendants provided plaintiff, his travel companion, or his travel agent with a copy of the Ticket Contract submitted to the Court prior to the cruise.[4]  Moreover, there is a lack of clarity regarding whether plaintiff or his companion received or even saw a copy of the Ticket Contract at the time of embarkation, or at any point thereafter.  Because these and other facts which are relevant to the ultimate determination of whether Hova was meaningfully informed of the limitations clause in the Ticket Contract are lacking and/or unclear at this juncture, some reasonable expedited discovery limited to the issue of enforceability is warranted.[5]

---

[4]    By way of example, defendants claim that "[s]ince Hova's travel agent received Hova's travel documents including the Ticket Contract, Hova had constructive knowledge of the one year limitation clause . . . almost two months before his cruise."  (Defs.' Mem. at 10-11.)  Notwithstanding this contention, the evidence submitted by defendants merely states the following:  "RCCL's records indicate that on March 24, 2010 RCCL sent a notification to Morty Hova's travel agent Y PAY MORE TRAVEL (the 'Travel Agent') that Morty Hova's travel documents were ready."  (Banciella Aff. ¶ 5.)  There is no evidence from the travel agent regarding what was communicated to him or her nor is there any evidence explaining what documents were contained in the "travel documents."

[5]    The Court acknowledges that the record contains some evidence that plaintiff's travel companion received a booking confirmation which states, at the very end of the document, that the booking was governed by the "Cruise/Cruisetour Ticket Contract" and that a copy was available at Royal Caribbean's website.  Neither party, however, adequately briefs whether this fact, standing alone, is enough to find that the clause was reasonably communicated to plaintiff.

## II.    *Motion to Transfer*

To the extent that dismissal is not granted, defendants alternatively move pursuant to 28 U.S.C. § 1404(a) to have this case transferred to the Southern District of Florida.  Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  "Some of the factors a district court is to consider are, *inter alia*: '(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'"  *Id.* at 106-07 (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).  The moving party bears the burden of showing that transfer is warranted.  *See, e.g., Easyweb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

The gravamen of defendants' motion is that the forum selection clause in plaintiff's Ticket Contract requires any suit to be brought exclusively before the District Court for the Southern District of Florida.  Similar to the limitations clause, a forum selection clause must have been reasonably communicated to be enforceable.  *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).  Having failed to present any other argument based on the above factors in support of transferring this action, and because the enforceability of both clauses hinge on whether they were reasonably communicated to Hova – an issue that will be fleshed out in the

short term – the Court denies defendants' motion to transfer at this time.

### *CONCLUSION*

For the reasons set forth above, defendants' motion is DENIED in its entirety.  This

action is respectfully referred to Magistrate Judge Boyle for purposes of establishing an

expedited discovery schedule limited to the issue of enforceability.  Subsequent to such

discovery, defendants may seek leave to file a motion for summary judgment on this issue.


**SO ORDERED.**

Dated: Central Islip, New York
       April 30, 2013

                                        _____/s/_____
                                        Denis R. Hurley
                                        Unites States District Judge